IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KYRYLO SHCHERBAKOV**, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil No. 2:26-cv-03272-JLS |
| | : | |
| **JAMAL L. JAMISON, *et al.*,** | : | |
| Respondents. | : | |

**MEMORANDUM**

**SCHMEHL, J. -** */s/ JLS*                                                                 **JUNE 8, 2026**

Petitioner Kyrylo Shcherbakov ("Petitioner") has filed an Amended Petition for a Writ of

Habeas Corpus, pursuant to 28 U.S.C. § 2241, alleging he is being unlawfully detained at the

Philadelphia Federal Detention Center in violation of the Immigration and Nationality Act ("INA"). For

the reasons that follow, the Petition is granted.

Petitioner is a citizen of Ukraine. [ECF 3 ¶ 1.] He was paroled into the United States on August

13, 2024, through a humanitarian parole program for Ukrainian nationals. See ECF 7-1, Form I-213,

Record of Deportable/Inadmissible Alien (dated May 13, 2026)1; ECF 3 ¶ 2. On April 11, 2026,

Petitioner was arrested by the Bristol Township Police Department and criminally charged with "Retail

Theft-taking merchandise" in violation of 18 Pa. C.S. § 3929(a)(1). ECF 3 ¶ 3, Tab C Commonwealth of

Pennsylvania v. Kyrylo Shcherbakov, Dkt. No. MJ-07103-NT-0000140-2026 (printed May 18, 2026).

On May 13, 2026, a warrant for arrest of an alien was issued for Petitioner by the Department of

Homeland Security ("DHS"). [ECF 7-4.] Based on this arrest and charge, Immigration and Customs

Enforcement ("ICE") detained Petitioner on May 13, 2026. The I-213 Record of

Deportable/Inadmissible Alien dated May 13, 2026, the same day that Petitioner was taken into custody

asserts that the Petitioner was paroled into the United States and that Petitioner was "removable"

pursuant to Section 237(a)(2)(A)(i)(I) of the Immigration and Nationality Act. [ECF 7-1.] Petitioner was

1

also issued a Notice to Appear (NTA) dated May 13, 2026 in order to initiate removal proceedings against the Petitioner.  [ECF 7-2.] The NTA contained a check mark next to the box that states "You have been admitted to the United States, but are removable for the reasons stated below" including that Petitioner is 1) "not a citizen or national of the United States"; 2) he is a "citizen and national of Ukraine"; and 3) he is an "immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Immigration and Nationality Act." *Id*.

On May 21, 2026, eight days after the original habeas petition was filed in this Court and before the Respondent's response was due, the DHS prepared and filed a document called an "I-261 Additional Charges of Inadmissibility/Deportability." [ECF 7-3.] That document classified Petitioner as an "Arriving Alien." *Id*. The document further stated that in lieu of the charges set forth in the NTA, Petitioner was subject to removal because 1) he is "not a citizen or national of the United States"; 2) he is "a native and citizen of Ukraine"; 3) on August 14, 2024, he "presented at the Philadelphia International Airport seeking admission to the United States and was granted Ukrainian Humanitarian Parole"; and 4) he is an "immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Immigration and Nationality Act." *Id*. Finally, a Notice of Internet-Based Master Hearing concerning petitioner's removal proceedings dated May 13, 2026 was sent to Petitioner's home address. [ECF 7-5.]

Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c), as amended by the Laken Riley Act, 8 U.S.C. § 1226(c)(1)(A)-(E), based on his arrest and charge for retail theft in Pennsylvania. The Laken Riley Act added § 1226(c)(1)(E), to provide that the Attorney General:

> [S]hall take into custody any alien who ... (i) is inadmissible under paragraph 6(A), 6(C), or (7) of section 1182(a) of this title; and (ii) is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person.

8 U.S.C. § 1226(c)(1)(E)(ii).

Respondents argue that since Petitioner is an alien who was arrested for and charged with retail theft, he is subject to mandatory detention under the LRA. However, in order to invoke the LRA, the respondents must first establish the incorporated inadmissibility element. Section 1226(c)(1)(E)(i) applies only if Petitioner "is inadmissible under" one of the listed provisions which requires detention for noncitizens who are inadmissible under §§ 1182(a)(6)(A) (applying to noncitizens "present in the United States without being admitted or paroled"), 1182(a)(6)(C) (noncitizens who commit misrepresentations), or 1182(a)(7) (noncitizens lacking valid documentation) and who have been arrested for, charged with, or convicted of certain crimes. § 1226(c)(1)(E)(i)–(ii). Here, there is no dispute that Petitioner was paroled into the United States.  Indeed, the original NTA issued by the Department of Homeland Security on May 13, 2026 stated that Petitioner had been **admitted** into the United States. Yet, the respondents attempted to ignore the fact that Petitioner had been paroled into the United States and reclassified him as an "Arriving Alien" only after his Petition for Writ of Habeas Corpus had been filed. This Court has specifically stated that "parole is a legal status with legal consequences, and the [g]overnment may not erase or ignore that status when it becomes inconvenient to its detention theory." *Nosirov v. Rife*, 2:26-cv-1534, 2026 WL 916602 at * 3 (E.D. Pa. April 1, 2026) (Perez, J.) Therefore, the respondents cannot establish that Petitioner was inadmissible under any of the three listed provisions.

The Respondents claim that the Petitioner's probation terminated as a result of the issuance of the NTA. There is no documentation in the record to support that conclusion.[1] However, even accepting this contention as true, this Court has recently concluded that a previously paroled noncitizen does not

---

[1] DHS may terminate a noncitizen's parole either "automatically" or "[o]n notice." 8 C.F.R.. § 212.5(e)(1), (e)(2). A grant of parole terminates automatically, without written notice, (a) when the noncitizen departs the United States, or (b) "if not departed, at the expiration of the time for which parole was authorized." *Id.* § 212.5(e)(1). In all other cases, parole "shall be terminated upon written notice to the alien." *Id.* § 212.5(e)(2). Those other cases include when the "purpose for which parole was authorized" is "accomplish[ed]" or "when **\*65** in the opinion of" the DHS Secretary or their delegee "neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States." *Id.* A "charging document" (i.e., "the written instrument which initiates a proceeding before an Immigration Judge") constitutes written notice "unless otherwise specified." *Id.*; *id.* § 244.1.

become a person present "without being admitted or paroled" within the meaning of the incorporated inadmissibility ground in the absence of express language in the LRA that specifically so states. *Nosirov,* 2026 WL 916602 at * 3. Therefore, even if Petitioner's parole was terminated as a result of his arrest, the LRA still is not applicable to the facts of this case.[2]

In the alternative. Respondents assert that the Petition should be denied because Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2)(A) and his detention does not violate constitutional due process. Based on the Court's previous opinions, the decisions of all the judges who have considered the issue in the district, *see e.g., Cantu-Cortes v. O'Neill,* No. 25-cv-6338, 2025 WL 3171639, at *1-2 (E.D. Pa. Nov. 13, 2025), the Court finds Petitioner cannot be detained under § 1225(b)(2)(A). Petitioner's current detention is therefore illegal, and he is entitled to relief.

---

[2] Following Judge Perez's decision in *Nosirov,* Judge Marsden did conclude that the LRA was applicable and, therefore, denied the Petitioner's writ for habeas corpus. *Lopez Cruz v. Jamison,* Civ. No. 26-2278, ECF No. 15, 2026 WL 1257329 (E.D. Pa. May 7, 2026) (Marston, J.) However, in that case, the Petitioner conceded that he was inadmissible to the United States under one of the listed provisions in the LRA and therefore satisfied the incorporated inadmissibility element. Therefore, Judge Marsden found that the LRA applied. Here, like in *Nosirov,* the government has not satisfied the incorporated inadmissibility element of the LRA and therefore the LRA is not applicable.